**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**NATALIE DILLON**                                                                                    **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 3:18-cv-481-CWR-FKB**

**WAL-MART 2720, WAL-MART STORES EAST, LP
and JOHN DOES 1-3**                                                                          **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS WAL-MART 2720 AND WAL-MART STORES EAST, LP**

COME NOW Defendants, Wal-Mart Stores East, LP and the incorrectly named Wal-Mart

2720 (collectively "Wal-Mart"), by and through counsel of record, and file this their Answer and

Affirmative Defenses as follows:

**First Defense**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**Second Defense**

Wal-Mart asserts the defenses of insufficiency of process and insufficiency of service of

process.

**Third Defense**

Wal-Mart would show that some or all of the Plaintiff's alleged causes of action are barred

by the applicable statutes of limitations, including, but not limited to, the one-year statute of

limitations applicable to intentional torts and other misconduct, and the one-year statute of

limitations applicable to suits for any penalty.  Alternatively, Wal-Mart would show that some of all

of the Plaintiff's claims are barred by the doctrines of laches and/or unclean hands.

## Fourth Defense

In now answering the Complaint paragraph by paragraph, Wal-Mart would state as follows:

1.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and, therefore, same are denied.

2.      It is admitted that Wal-Mart Stores East, LP is a foreign limited partnership, that it operates Wal-Mart 2720, and that its registered agent for service of process is CT Corporation. Any remaining allegations are denied.

3.      Denied.

### JURISDICTION AND VENUE

4.      It is admitted that this is a proper jurisdiction.  It is denied that Wal-Mart is liable to Plaintiff for an amount in excess of $75,000, or to any amount whatsoever.

5.      It is admitted that this is a proper venue.  The remaining allegations are denied.

### FACTS

6.      It is admitted that Wal-Mart Stores East, LP operates Wal-Mart Store No. 2720 located in Madison, Mississippi.

7.      It is admitted that at the time of the alleged incidents, Michael Griffin was an employee of Wal-Mart.  The remaining allegations are denied for lack of sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.  Therefore, out of an abundance of caution, denied.

8.      Although the allegations of Paragraph 8 of the Complaint state legal conclusions to which no response is required, Wal-Mart denies the allegations contained therein and demands strict proof thereof.

2

9.      Denied.

10.     Upon information and belief, admitted.

11.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and, therefore, same are denied.

12.     Denied.

13.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and, therefore, same are denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and, therefore, same are denied.

19.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and, therefore, same are denied.

20.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and, therefore, same are denied.

21.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and, therefore, same are denied.

22.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and, therefore, same are denied.

23.     Wal-Mart is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 23, and, therefore, same are denied.

      24.     Denied.

      25.     Denied.

      26.     Denied.

      27.     Denied.

      28.     Denied.

      29.     Denied.

      30.     Denied.

      31.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and, therefore, same are denied.

      32.     Denied.

      33.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and, therefore, same are denied.

      34.     Denied.

      35.     Denied.

      36.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and, therefore, same are denied.

      37.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

      38.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and, therefore, same are denied.

      39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and, therefore, same are denied.

47.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and, therefore, same are denied.

48.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and, therefore, same are denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Wal-Mart is without knowledge or information sufficient to form a belief as to the

5

truth of the allegations of Paragraph 58, and, therefore, same are denied.

59.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and, therefore, same are denied.

72.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and, therefore, same are denied.

73.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and, therefore, same are denied.

74.     Denied.

**CAUSES OF ACTION**

**False Imprisonment**

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

**Fraud**

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

**False Arrest**

87.    Denied.

88.    Denied.

89.    Denied.

**Malicious Prosecution**

90.    Denied.

91.    Denied.

92.     Denied.

93.     Denied.

94.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, and, therefore, same are denied.

95.     Denied.

96.     Denied.

97.     Denied.

## Intentional Infliction of Emotional Distress

98.     Denied.

99.     Denied.

100.    Denied.

## Defamation

101.    Denied.

102.    Denied.

103.    Denied.

## Gross Negligence/Negligence

104.    Although the allegations of Paragraph 104 of the Complaint give legal opinions as to duty to which no response is required, Wal-Mart would state that it does hire competent associates and it does train and supervise all of its associates, including those in asset protection.   Any remaining allegations are denied.

105.    Denied.

106.    Denied.

107.    The statements in Paragraph 107 of the Complaint contain incomplete legal

conclusions or statements of law that do not require a response.  However, to the extent there are any allegations, they are denied.  Further, Wal-Mart specifically denies any wrongdoing as alleged in this paragraph.

108.    Denied.

109.    Denied.  Wal-Mart further specifically denies any wrongdoing as alleged in this paragraph.

110.    Denied.

111.    Denied.

### Negligent Infliction of Emotional Distress

112.    Denied.

113.    Denied.

### DAMAGES

114.    The allegations of Paragraph 114 are denied.  Wal-Mart specifically denies that Mrs. Dillon is entitled, without limitation, to compensatory damages for past attorney's fees, past and future medical expenses, lost wages, emotional distress, punitive damages, attorneys' fees, interest, or damages or for any judgment or any sums whatsoever from the Defendants.

The allegations in the unnumbered paragraph following Paragraph 114 and beginning "WHEREFORE" are denied. Defendant Wal-Mart  specifically denies that the Plaintiff is entitled to judgment, or to any sum whatsoever of and from the Defendant Wal-Mart.

## Fifth Defense

The injuries and damages alleged by the Plaintiff are the result, in whole or in part, of the negligence or intentional acts of third parties for which Wal-Mart is not responsible.

## Sixth Defense

The injuries and damages alleged by the Plaintiff are the result, in whole or in part, of the negligence of the Plaintiff for which Wal-Mart is not responsible.  Wal-Mart  asserts the provisions and protections of Miss. Code Ann. § 11-7-15 (1972).

## Seventh Defense

The injuries and damages alleged by the Plaintiff are the result in whole or in part to pre-existing conditions, for which Wal-Mart is not responsible.

## Eighth Defense

Plaintiff failed to mitigate her damages and is accordingly barred from recovery to the extent of the failure to mitigate.

## Ninth Defense

Pursuant to the laws of the State of Mississippi, Wal-Mart is entitled to apportionment of liability for third parties whose acts in whole or in part caused the alleged damages and injuries of the Plaintiff.

## Tenth Defense

Wal-Mart affirmatively pleads Miss. Code Ann. § 85-5-7.

**Eleventh Defense**

Wal-Mart seeks all remedies and protections provided to it pursuant to Miss. Code Ann. §§ 11-1-60 and 11-1-65.

**Twelfth Defense**

Plaintiff failed to obtain *in personam* jurisdiction.

**Thirteenth Defense**

Wal-Mart reserves all defenses, including Rule 12(b) defenses and Rule 8(c) of the Mississippi Rules of Civil Procedure, which may be available to it.

**Fourteenth Defense**

Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Wal-Mart.

**Fifteenth Defense**

The Complaint fails to name indispensable parties.

**Sixteenth Defense**

The actions, if any, of Wal-Mart in this action were not done with malice, were not intentional and were not undertaken with conscious disregard for the rights of Plaintiff.

**Seventeenth Defense**

Wal-Mart had an honest, good faith belief based upon reasonable grounds that Plaintiff had committed a crime.

**Eighteenth Defense**

Wal-Mart would show that the Plaintiff's claims are barred by the doctrines of waiver, estoppel, consent and/or ratification.

11

**Nineteenth Defense**

Wal-Mart would show that Plaintiff has not sustained any alleged damages.

**Twentieth Defense**

Wal-Mart did not make illegal use of a legal process.

**Twenty-first Defense**

The negligence, want of care, and/or legal fault of persons and/or entities for whom Wal-Mart is not and may not be held responsible, including Plaintiff, were intervening and superseding causes of Plaintiff's alleged damages, thus barring and/or diminishing any recovery against Wal-Mart.

**Twenty-second Defense**

Any and all actions taken by Wal-Mart in reporting Plaintiff's actions to the police are protected by an absolute privilege and/or a qualified privilege.

**Twenty-third Defense**

Wal-Mart is entitled to an offset against Plaintiff's alleged damages by any amounts Plaintiff earned or should have earned in the exercise of reasonable diligence and by any and all other amounts of damages Plaintiff allegedly suffered through her failure to mitigate her damages.

**Twenty-fourth Defense**

Wal-Mart would show that the Plaintiff is estopped from asserting any claims or contending reliance on any alleged misrepresentations contrary to or at variance with any subject documents.

**Twenty-fifth Defense**

Wal-Mart is not guilty of any misrepresentation, malicious prosecution, defamation, false statements, false arrest, false imprisonment, fraud, negligence or gross negligence, negligent or intentional infliction of emotional harm, or any other wrongful conduct as alleged in the Complaint.

12

### Twenty-sixth Defense

With regard to the claims asserted alleging embarrassment and/or defamation, Wal-Mart would show that it did not make any untrue statements which would be embarrassing and/or constitute defamation.

### Twenty-seventh Defense

Wal-Mart is immune from liability by virtue of the immunity provided to them under *Miss. Code Ann.* § 97-23-93, §97-23-93.1, and §97-23-95.

### Twenty-eighth Defense

Plaintiff's Complaint fails to state a claim or cause of action for punitive damages upon which relief can be granted.

### Twenty-ninth Defense

Wal-Mart avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to Wal-Mart under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition would allow a verdict tainted by passion and prejudice.

### Thirtieth Defense

Imposition of punitive damages in this case would constitute a violation of Wal-Mart's constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

### Thirty-first Defense

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Wal-Mart under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Process Clause of Article III, Section 14 of the Constitution of the State of Mississippi in that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to legitimate government issues.  If consideration of punitive damages is to be allowed, then the standard for proving the same, as provided in Miss. Code Ann. §§11-1-63 and 11-1-65 (Supp. 1993), must be by clear and convincing evidence.

### Thirty-second Defense

The procedure and/or standards governing imposition of punitive damages are impermissible, vague, arbitrary, improper and/or violate the Due Process Clause of the Fourteenth Amendment and/or the Fifth Amendment of the Constitution of the United States and/or Article III, Section 14 of the Constitution of the State of Mississippi.

### Thirty-third Defense

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Wal-Mart under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under Article III, Sections 14 and 26 of the Constitution

of the State of Mississippi, in that punitive damages are penal in nature and, consequently, Defendants are entitled to the same procedural and substantive safeguards afforded to criminal defendants.

### Thirty-fourth Defense

It violates the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against Wal-Mart which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases in this state, and less than a unanimous jury verdict.

### Thirty-fifth Defense

Wal-Mart avers that any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi in that said punitive damages would be an imposition of an excessive fine.

### Thirty-sixth Defense

The imposition of punitive damages in this case measured by wealth of Wal-Mart would constitute an impermissible punishment of status.

### Thirty-seventh Defense

It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Mississippi State Constitution in that:

(A)     Said damages are intended to punish and deter Wal-Mart and thus this proceeding is

essentially criminal in nature;

(B)     Wal-Mart is being compelled to be a witness against itself in proceedings essentially and effectively criminal in nature, in violation of their right to due process;

(C)     The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Wal-Mart's right to due process; and

(D)     That inasmuch as this proceeding is essentially and effectively criminal in nature; Wal-Mart is being denied the requirement of notice of the elements of the offense, and the law and authorities authorizing punitive damages are so vague and ambiguous they are in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

## **Thirty-eighth Defense**

The awarding of disproportionate judgments against defendants who commit similar offenses resulting in similar injury, who differ only in material wealth, constitutes an arbitrary and invidious discrimination prohibited by the equal protection clauses and rights of Wal-Mart under the Fourteenth Amendment to the Constitution of the United States.

## **Thirty-ninth Defense**

Pursuant to the decision of the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 421 (2001), Plaintiff is not entitled to a jury trial on any inquiry as to an award of punitive damages at trial of this matter and a motion to strike jury demand as to punitive damages is hereby made.

### Fortieth Defense

Plaintiff's claim for punitive damages is limited by the constitutional rulings and guidelines set forth in the case of *State Farm v. Campbell* 123 S.Ct. 1513, 2003.

### Forty-first Defense

Wal-Mart would show that the Plaintiff's claims, to the extent there are any, for and the imposition of punitive damages in this case would violate the Constitution of the United States, including, but not limited to, Article I, Section X, and the Fifth, Sixth, Eighth and Fourteenth Amendments, and the Constitution of the State of Mississippi, including, but not limited to, Article III, Sections 14, 16, 24 and 28.

### Forty-second Defense

Unless otherwise specifically admitted herein, Wal-Mart denies each and every allegation in Plaintiff's Complaint and demands strict proof thereof.

### Forty-third Defense

Wal-Mart reserves the right to supplement and/or amend their Answer and Affirmative Defenses upon receiving additional information and documentation concerning Plaintiff's allegations.

Accordingly, Defendants, Wal-Mart 2720, the incorrectly named party, and Wal-Mart Stores East, LP, demand that the Complaint be dismissed with all costs assessed to the Plaintiff.

### WAL-MART DEMANDS TRIAL BY JURY

THIS, the 15th day of August, 2018.

**WAL-MART 2720, and**
**WAL-MART STORES EAST, LP**,


By:    _s/  Thomas M. Louis_
        Thomas M. Louis  (MSB No. 8484)
        Dorissa S. Smith (MSB No. 104541)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:     (601) 605-6900
Facsimile:     (601) 605-6901
tlouis@wellsmarble.com
dsmith@wellsmarble.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed using the court's ECF system, which should have automatically emailed a copy to:

Mark Carroll
Carroll Bufkin, PLLC
1076 Highland Colony Parkway
600 Concourse, Suite 125
Ridgeland, MS 39157

This the 15th day  of August, 2018.


    _s/  Thomas M. Louis_
Thomas M. Louis