## IN THE UNITED STATED DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**NATALIE DILLON**                                                                                    **PLAINTIFF**

v.                                                           CIVIL ACTION NO. 3:18-cv-481-CWR-FKB

**WAL-MART 2720, WAL-MART STORES EAST, LP**
**and JOHN DOES 1-3**                                                                          **DEFENDANTS**

## NOTICE OF VIDEOTAPED DEPOSITION OF WAL-MART 2720 AND WAL-MART STORES EAST, LP PURSUANT TO RULES 30(b)(6) AND 30(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE

DEPONENT:         30(b)(6) Representative(s) of Wal-Mart 2720, Wal-Mart Stores East, LP

DATE:                   September 12, 2019

TIME:                   9:00 A.M.

LOCATION:         TBD

Please take notice that on September 12, 2019, at the office of TBD, Plaintiff will take the 30(b)(6) deposition of Wal-Mart 2720, and Wal-Mart Stores East, LP, by their designated agent or agents most knowledgeable about and familiar with the matters set forth below, upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer authorized to administer oaths and swear in witnesses. The examination will be recorded by videotaped and stenographic means and will continue from day to day until completed, and you are invited to attend and examine the deponent.

### MATTERS ON WHICH EXAMINATION IS REQUESTED

1.    All investigations into whether Natalie Dillon has shoplifted from Wal-Mart.

2.    The decision to have Natalie Dillon arrested and prosecuted for the August 27, 2017 alleged shoplifting.

3. The decision to have Natalie Dillon arrested and prosecuted for the August 12, 2017 alleged shoplifting.

4. The manner, means, and methods used to identify Natalie Dillon as a shoplifter.

5. All communications between Wal-Mart and any member of the Madison Police force regarding this matter.

6. All communications between Wal-Mart and the prosecutor in *State of Mississippi v. Natalie Dillon* Case Numbers 2017-080884, 2017-080896, or any other criminal case initiated by Wal-Mart against Natalie Dillon.

7. Wal-Mart's policies and procedures regarding arrests, prosecutions, and the pursuit of civil recovery/restitution.

8. The hiring, training, and supervision of Michael Griffin, including all counseling, reprimands, coachings, evaluations, or reviews of Mr. Griffin's performance.

9. Wal-Mart's file retention of records related to Mr. Griffin's employment and Mr. Griffin's investigation of Ms. Dillon.

10. The hiring, training, and supervision of Camia Basset, including all counseling, reprimands, coachings, evaluations, or reviews of Ms. Basset's performance.

11. The hiring, training, and supervision of Kim Wells, including all counseling, reprimands, coachings, evaluations, or reviews of Ms. Wells' performance.

12. The hiring, training, and supervision of Shatildra Gibson, including all counseling, reprimands, coachings, evaluations, or reviews of Ms. Gibson's performance.

13. The hiring, training, and supervision of Erin Upton Mahaffey including all counseling, reprimands, coachings, evaluations, or reviews of Ms. Mahaffey's performance.

14. Complaints or claims against any Wal-Mart store in Mississippi for wrongful arrest or malicious prosecution between January 1, 2014 and the present.

15. Complaints or claims against any Wal-Mart store in Mississippi for wrongful arrest or malicious prosecution by Wal-Mart 2720 between January 1, 2014 and the present.

16. How Wal-Mart calculated the value of items that Wal-Mart claims were stolen by Natalie Dillon.

17. The hiring, training, supervision, and oversight of the asset protection department at this Jackson, MS Wal-Mart between January 1, 2014 and the present.

18. Wal-Mart's knowledge of the subpoenas to appear at, or the setting of the criminal proceeding against Natalie Dillon.

19. Wal-Mart's policies and procedures regarding employees taking photos of customers and/or minor children with privately owned cameras or cell phones.

20. The placement of cameras, schematics, operation and maintenance of the video surveillance system at this Jackson, MS Wal-Mart.

21. The operation of Wal-Mart's self-checkouts and the maintenance record of the self-checkout registers involved in this case (POS #45 and POS #49).

22. Any system or report used by Wal-Mart or its employees at Store 2720 to monitor, record or track shoplifting arrests, including all shrink reports used by or related to the Wal-Mart 2720 Store between January 1, 2014 and the present.

23. All efforts to collect civil recovery or criminal restitution from Natalie Dillon.

24. Wal-Mart's relationship with Palmer, Reifler & Associates, P.A. and/or Palmer Recovery Attorneys, PLLC.

25. Wal-Mart's relationship with Reginald Harrion, Esq.

26. All information conveyed by Wal-Mart to Palmer, Reifler & Associates, P.A. and/or Palmer Recovery Attorneys, PLLC and/or Reginald Harrion which in any way relates or refers to Natalie Dillon.

27. The shrink reports and/or store overviews for this Wal-Mart between January 1, 2014 and the present.

28. Any bonus or reward system that was in place at this Wal-Mart which is in any way related to store performance, including shrink.

29. Wal-Mart's policies and procedures regarding surveillance and photographing customers and their children.

30. All photographs, videos or other recordings of Natalie Dillon and her children.

31. Wal-Mart's policies and procedures regarding:

    (a)  identifying, surveilling, investigating and detaining suspected shoplifters;

    (b)  providing suspected shoplifters an opportunity to explain what Wal-Mart considers suspicious behavior or pay for goods before Wal-Mart calls the

        police;

   (c)    preventing false arrests;

   (d)    preventing wrongful prosecution;

   (e)    pursuing civil recovery against alleged shoplifters (either by letter, telephone, or lawsuit) while an active criminal case is pending against the alleged shoplifter;

   (f)    requesting criminal restitution from alleged shoplifters;

   (g)    determining the items allegedly stolen.

32. Wal-Mart's Affirmative Defenses.

33. All efforts on Wal-Mart's behalf (including amounts recovered) to obtain civil recovery and criminal restitution in Mississippi between January 1, 2014 and the present.

34. How Wal-Mart tracks collection efforts against alleged shoplifters.

35. The person most familiar with and/or charged with responding to discovery in this matter.

## **DUCES TECUM**

1. All recordings, photographs, or video taken of Natalie Dillon and/or her children while on Wal-Mart's premises.

2. All shrink reports for this store between January 1, 2014 and the present.

3. Transcripts of the depositions of Bea Rivera, Wayne Bowen, Joe Schrauder, Monica Mullins, Melissa Klinger-Dozier and Kevin Warn taken in *Crystal Thompson v. Wal-Mart Stores, Inc., et al., 02-CV-16-901368*.

        Respectfully submitted,

        */s/ David A. McDonald*
        DAVID A. MCDONALD (MCD042)
        **DAVID A. MCDONALD, ATTORNEY AT LAW**
        P. O. Box 832
        Mobile, Alabama 36601
        Telephone: (251) 434-0045
        Facsimile:  (251) 434-0047
        **Attorney for Plaintiff**

**OF COUNSEL:**

Mark C. Carroll (MSB No.: 8665)
Thomas G. Bufkin (MSB No.: 10810)
**CARROLL BUFKIN, PLLC**
140 Township Avenue, Suite 222
Ridgeland, MS 39157
Telephone:   (601) 982-5011
Facsimile:    (601) 853-9540

## CERTIFICATE OF SERVICE

I do hereby certify that I have served, on the 22nd day of August, 2019, a true and correct copy of the Notice of Videotaped Deposition by filing electronically using the court's ECF system, which will send electronic notification of such filing to all counsel of record.

Thomas M. Lois
Dorissa S. Smith
**WELLS MARBLE & HURST, PLLC**
PO Box 131
Jackson, MS 39205-0131

/s/ DAVID A. McDONALD
**DAVID A. McDONALD**